IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MPH TECHNOLOGIES OY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:10-cv-00684 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | Magistrate Judge Susan E. Cox |
| ZYXEL COMMUNICATIONS | ) | |
| CORPORATION, ZYXEL | ) | |
| COMMUNICATIONS, INC., | ) | |
| NETGEAR, INC., CHECK POINT | ) | |
| SOFTWARE TECHNOLOGIES, LTD. | ) | **JURY TRIAL DEMANDED** |
| AND CHECK POINT SOFTWARE | ) | |
| TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF MPH TECHNOLOGIES OY'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND MOTION
TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)**

Raymond P. Niro (rniro@nshn.com)
William L. Niro (wniro@nshn.com)
Christopher J. Lee (clee@nshn.com)
Brian E. Haan (bhaan@nshn.com)
Anna B. Folgers (afolgers@nshn.com)
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Plaintiff MPH Technologies Oy*

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................................. 1

    A.   This Litigation.................................................................................................. 1

II.  APPLICABLE LAW ............................................................................................ 2

    A.   Rule 8 and Rule 12(b)(6) ................................................................................ 2

    B.   Rule 12(f) ........................................................................................................ 3

III. DEFENDANTS' ONE-SENTENCE COUNTERCLAIMS FOR PATENT INVALIDITY THAT MERELY STATE THE PATENT IS INVALID UNDER 35 U.S.C. §§ 101, 102, 103 AND/OR 112 ARE INSUFFICIENT AS A MATTER OF LAW AND SHOULD BE DISMISSED .................................................................................................... 4

IV.  DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD BE STRICKEN FROM THE PLEADING FOR FAILING TO MEET THE REQUIREMENTS OF RULE 8 ............... 9

V.   CONCLUSION.................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Ashcroft v. Iqbal,
   129 S. Ct. 1937, 1949 (2009)..................................................................................2, 3, 5, 7, 8

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544, 555 (2007).............................................................................................3, 6, 7, 8

Conley v. Gibson,
   355 U.S. 41, 47 (1957)..............................................................................................................6

Duramed Pharms., Inc. v. Watson Labs., Inc.,
   2008 U.S. Dist. LEXIS 103389, at *10-11 (D. Nev. Dec. 12, 2008)................................4, 5, 8

Elan Pharma Int'l Ltd. v. Fournier Labs Ireland Ltd.,
   2010 U.S. Dist. LEXIS 32306, at * 10-11 (D.N.J. March 31, 2010).......................................8

Microthin.com v. Siliconezone USA, LLC,
   2006 U.S. Dist. LEXIS 82976, *25 (N.D. Ill., Nov. 14, 2006) ................................................3

Qarbon.com v. eHelp Corp.,
   315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004) ........................................................................5

Sloan Valve Co. v. Zurn Industries, Inc.,
   2010 U.S. Dist. LEXIS 43287, *10 (N.D. Ill., May 4, 2010) ...................................................4

Sprint Comms. Co. v. TheGlobe.com, Inc.,
   233 F.R.D. 615, 619 (D. Kan. 2006).....................................................................................7, 8

Surface Shields, Inc. v. Poly-Tak Prot. Sys.,
   213 F.R.D. 307, 308 (N.D. Ill. 2003)....................................................................................4, 9

Szabo v. Bridgeport Machines, Inc.,
   249 F.3d 672, 675 (7th Cir. 2009) ...........................................................................................3

Terstein v. AGA Med. Corp.,
   2009 U.S. Dist. LEXIS 125002, at *17 (E.D. Tex. Feb. 13, 2009) .........................................8

**FEDERAL STATUTES**

28 U.S.C. § 2201:......................................................................................................................5

35 U.S.C. §§ 101, 102, 103...........................................................................................4, 5, 6, 7, 10

35 U.S.C. § 112..........................................................................................................................6

35, U.S.C. §§ 100 et seq......................................................................................................5, 7, 8, 10

Plaintiff MPH Technologies Oy ("MPH") respectfully moves to dismiss the counterclaims purporting to allege invalidity of the patent-in-suit by Defendants ZyXEL Communications, Inc., Check Point Software Technologies, Inc., and Netgear, Inc. (collectively "Defendants") under Rule 12(b)(6).  MPH also moves to strike Defendants' corresponding affirmative defenses of invalidity pursuant to Rule 12(f).  Because Defendants have failed to specify adequate grounds or supporting facts that could possibly support a finding MPH's patent is invalid, Defendants' invalidity counterclaims and corresponding affirmative defenses fail to state claims on which relief can be granted and must be dismissed as a matter of law.

The patent invalidity allegations by ZyXEL and Check Point nakedly assert that the MPH patent is invalid under §§ 101, 102, 103 or 112 of the patent statute.  Netgear has taken inadequate pleading to yet another level as it vaguely asserts that the MPH patent is invalid or unenforceable under "*one or more provisions of Title 35* of the United States Code, including §§ 101, 102, 103 or 112."  All of these conclusory allegations fail to identify which of the numerous statutory subsections under which they are brought, and are wholly devoid of factual support.  As such, these allegations do not state a claim that is plausible on its face, and cannot withstand scrutiny under the Supreme Court's Twombly and Iqbal decisions.

Accordingly, and as set forth in further detail below, MPH respectfully requests that the Court grant its motion to dismiss Defendants' counterclaims of patent invalidity pursuant to Rule 12(b)(6) and grant its motion to strike Defendants' affirmative defenses of invalidity pursuant to Rule 12(f).

**I.     INTRODUCTION**

    **A.     This Litigation**

On February 2, 2010, MPH filed suit against Defendants ZyXEL Communications, Inc., ZyXEL Communications Corporation (Taiwanese parent of ZyXEL Communications), Check

1

Point Software Technologies, Inc., Check Point Software Technologies, Ltd. (Israeli parent of Check Point Software Technologies), and Netgear, Inc. for infringement of its United States Patent No. 7,346,926.

The U.S. entities, ZyXEL Communications, Inc., Check Point Software Technologies, Inc. and Netgear, Inc., have filed answers and asserted invalidity counterclaims and affirmative defenses. (Dkt. Nos. 40, 41 and 42, attached as Exhibits A, B and C). The invalidity counterclaims and affirmative defenses are substantially identical and, hence, correspondingly deficient. The foreign entities, ZyXEL Communications Corporation and Check Point Software Technologies, Ltd., have not yet answered as they have not been served. They have rejected MPH's February 10, 2010 request to waive service under Rule 4(d)(1). In addition, their U.S. subsidiaries or their counsel have refused to accept service of process on their behalf. Hence, MPH is proceeding with lengthy and expensive procedures for serving the foreign defendants under the Hague Convention and through the Letters Rogatory process.

The pleading deficiencies of Defendants' counterclaims are striking, particularly since they have sought and received several extensions of time to answer the complaint (totaling 3 months). Defendants have had ample opportunity to prepare and adequately set forth the basis for their invalidity claims and defenses. Their complete failure to do so requires dismissal of their counterclaims as, if left standing, they will only unnecessarily expand the scope of this lawsuit.

## II.     APPLICABLE LAW

### A.     Rule 8 and Rule 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). "A pleading that offers 'labels' and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint with the assumption that the facts alleged are true. Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 675 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (citations omitted). The Supreme Court in Iqbal explained that:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. The Iqbal Court further explained that its decision in Twombly was based on two underlying principles. Id. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. ***Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice***." Id (emphasis added). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. … Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

### B. Rule 12(f)

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A Rule 12(f) motion "is the primary procedure for objecting to an insufficient defense." Microthin.com v.

3

Siliconezone USA, LLC, 2006 U.S. Dist. LEXIS 82976, *25 (N.D. Ill., Nov. 14, 2006). "[I]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." Sloan Valve Co. v. Zurn Industries, Inc., 2010 U.S. Dist. LEXIS 43287, *10 (N.D. Ill., May 4, 2010). In Surface Shields, Inc. v. Poly-Tak Prot. Sys., 213 F.R.D. 307, 308 (N.D. Ill. 2003)on which numerous courts have relied, the court held that "[a] three-part test determines the fate of an affirmative defense subject to a motion to strike. (1) The matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Rules 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge… ." . Though motions to strike defenses are generally disfavored, a court may nevertheless strike an affirmative defense which fails to allege facts in support and does not provide fair notice of the grounds on which it rests. Sloan Valve Co., 2010 2010 U.S. Dist. LEXIS 43287, *28 (striking affirmative defenses and stating that the counter-plaintiff "offers no allegations in support thereof and has not provided any minimal specifics in its pleadings to provide [counter-defendant] with notice of how and in what way its defenses arise").

### III. DEFENDANTS' ONE-SENTENCE COUNTERCLAIMS FOR PATENT INVALIDITY THAT MERELY STATE THE PATENT IS INVALID UNDER 35 U.S.C. §§ 101, 102, 103 AND/OR 112 ARE INSUFFICIENT AS A MATTER OF LAW AND SHOULD BE DISMISSED

A claim for declaratory judgment of invalidity that wholly fails to specify the grounds for invalidity is insufficient. Duramed Pharms., Inc. v. Watson Labs., Inc., 2008 U.S. Dist. LEXIS 103389, at *10-11 (D. Nev. Dec. 12, 2008). In Duramed, the defendant's counterclaim for a declaration of invalidity of the patent in suit was supported by an allegation that "[t]he claims of the '969 patent are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 et seq." Id. at *11. The court dismissed the counterclaim, finding that "[Plaintiff] is correct that this allegation fails to state a

4

claim. By failing to specify which of the many grounds of patent invalidity it is relying upon, [Defendant] does not put [Plaintiff] on fair notice as to the basis of its counterclaim." Id.

In so holding, the Duramed court relied on Qarbon.com v. eHelp Corp., 315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004) which dismissed a similarly deficient counterclaim for invalidity, finding it "radically insufficient."  In assessing the counterclaim, the Qarbon court stated:

> eHelp alleges that "*the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 et seq., and specifically, §§ 101, 102, 103, and/or 112 ....*" Counterclaim P6. Such a pleading is "*radically insufficient.*" … By making general allegations, eHelp fails to give "fair notice" to Qarbon. "Effective notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer."

Id. at 1050-1051 (internal citations omitted) (emphasis added).

Defendants' declaratory judgment counterclaims for patent invalidity provide no more detail than the "radically insufficient" claims dismissed in Duramed and Qarbon.  These conclusory statements do not contain even the "threadbare recitals of the elements of the cause of action," which the Supreme Court has held are insufficient. Iqbal, 129 S. Ct. at 1949.

Aside from incorporating its affirmative defenses and jurisdictional allegations, the *entirety* of Defendants' counterclaims for patent invalidity is as follows:

| | |
|---|---|
| **Netgear, Inc.** | Declaratory Judgment of Invalidity of the '926 Patent 28 U.S.C. § 2201: "Upon information and belief, the '926 Patent, and each and every respective claim thereof, are invalid or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112." (Exhibit C, ¶9). |
| **Check Point Software Technologies, Inc.** | Count II - Declaratory Judgment of Invalidity of the '926 Patent: "Each claim of the '926 Patent is invalid for failing to comply with the requirements for patentability set forth in 25 U.S.C. §§ 101, 102, 103 and/or 112."  (Exhibit B, ¶13). |
| **ZyXEL Communications, Inc.** | Count II - Declaratory Judgment of Invalidity of the '926 Patent: "Each claim of the '926 Patent is invalid for failing to comply with the requirements for patentability set forth in 25 U.S.C. §§ 101, 102, 103 |

| | |
|---|---|
| | and/or 112." (Exhibit A, ¶13). |

Defendants contend that the patent-in-suit is invalid under some unspecified subsections of §§ 101, 102, 103, or 112 of the patent statute. But, Defendants' mere listing of the patent statute sections - without any facts or even any legal elements - fails to provide any, much less "fair [ ]notice of what the … claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

For example, Section 102 of the patent statute alone provides seven (7) subsections. (Exhibit D). At least five (5) of these subsections, in turn, set forth numerous independent and far-ranging grounds for invalidating a patent claim, such as prior public use, prior offer to sell, prior printed-publication, abandonment, prior patenting in a foreign country by the inventor or his or her legal representatives or assigns, prior published patent applications by others, prior issued patents by others, non-joinder of inventors, prior invention by others and the like. See 35 U.S.C. § 102(a)-(g), (Exhibit D).

Defendants fail to identify any of these grounds under Section 102 for alleged patent invalidity, fail to provide even the barest legal elements of any such ground and, of course, fail to provide any facts to support their one-sentence counterclaims. The same is true with respect to the passing reference by Defendants to Section 103, which sets forth additional bases for patent invalidity in the event that "the invention is not identically disclosed or described as set forth in section 102 …." (Exhibit E).

Section 112 likewise provides numerous additional grounds for challenging a patent including, among others, written description, lack of enablement, claim indefiniteness and failure to disclose the best mode of the invention. 35 U.S.C. § 112, (Exhibit F). Defendants do not

even identify any of these bases or plead any legal elements, much less plead adequate facts to support such elements.

Defendants' open-ended listing of statutes, without more, fail to provide *any* notice to MPH of the nature of their counterclaims other than that Defendants apparently contend that the patent-in-suit is invalid. That is no different than an antitrust plaintiff alleging, without more, that the defendant is liable because it violated some unspecified sections of one of the antitrust statutes or a defendant in a breach of contract action asserting a counterclaim alleging, without providing any facts or legal basis, that the contract in dispute is invalid or unenforceable.

Not only are Defendants' counterclaims wholly devoid of even formulaic recitations of the elements (which itself "will not do" under Iqbal and Twombly), but they contain no factual enhancement whatsoever. Here, the Court cannot accept as true any facts in these counterclaims, as it must under a Rule 12(b)(6) analysis, because Defendants have alleged *no facts* at all. As such, Defendants' counterclaims fail to either "raise a right to relief above the speculative level" or "state a claim that is plausible on its face." Twombly, 550 U.S. at 555, 570.

Even worse, Netgear's invalidity counterclaim includes a "catch all" allegation that every claim of the '926 Patent is "invalid or unenforceable for *failure to comply with one or more provisions of Title 35* of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112." (Exhibit D) (emphasis added). In essence, Netgear contends that the patent in suit is invalid (or unenforceable) under §§ 101, 102, 103, 112, or *any other provision of Title 35*.

But, simply citing Title 35 of the United States Code is not a valid counterclaim. See Sprint Comms. Co. v. TheGlobe.com, Inc., 233 F.R.D. 615, 619 (D. Kan. 2006). In Sprint, the court assessed a similar affirmative defense and counterclaim, which both alleged that "[Defendant] is informed and believes that [the plaintiff's patents], and each of the seven claims

7

thereof, are invalid, void and/or unenforceable under one or more of the sections of Title 35 of the United States Code." Id. at 618.  The court struck the affirmative defense and counterclaim, finding them "fatally vague." Id. at 619.  Netgear's "catch-all" allegation under "one or more provisions of Title 35 of the United States Code" is equally defective.  Accordingly, Netgear's attempt to preserve its ability to later assert *any* provision of Title 35 is improper.

Finally, Plaintiff is aware of a line of cases refusing to dismiss conclusory invalidity counterclaims, finding instead that the district courts' local patent rules had mandatory disclosure provisions through which the parties would clarify their respective infringement and invalidity allegations.  See Elan Pharma Int'l Ltd. v. Fournier Labs Ireland Ltd., 2010 U.S. Dist. LEXIS 32306, at * 10-11 (D.N.J. March 31, 2010).  Terstein v. AGA Med. Corp., 2009 U.S. Dist. LEXIS 125002, at *17 (E.D. Tex. Feb. 13, 2009).  MPH respectfully submits that these decisions are at odds with the Supreme Court's Twombly and Iqbal decisions.  Specifically, the Supreme Court has held that case management does not alleviate a party's burden to meet the pleading requirements of Rule 8: "[w]e have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." Iqbal, 129 S. Ct. at 1953.  In Twombly, the Supreme Court also noted:

> [i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," … given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. … Probably, then, it is only by taking care to require allegations that reach the level suggesting [the alleged claim] that we can hope to avoid the potentially enormous expense of discovery in cases with no "reasonably founded hope that the discovery process will reveal relevant evidence…"

550 U.S. 544, 560 (internal citations omitted).  For these reasons, this Court should not follow the Elan Pharma and Terstein decisions, but instead, follow the Duramed, Qarbon.com, and Sprint decisions.

8

Moreover, the purpose of this District's Local Patent Rules is to provide "a standard structure for patent cases that will permit greater predictability and planning for the Court and the litigants" and to "eliminate the need for litigants and judges to address separately in each case procedural issues that tend to recur in the vast majority of patent cases."  N.D.Ill. L.P.R., Preamble.  Thus, the Local Patent Rules were meant to streamline the patent litigation process – not to provide litigants the opportunity to offer a vague pleading, unnecessarily expand the scope of the litigation and then rely on the expensive and time-consuming fact and expert discovery process to flush out their theories.

In short, if Defendants have viable theories of patent invalidity, they should be allowed to plead and litigate them, provided that they are well-grounded in fact and law and they provide adequate notice to MPH of their allegations.  What they should not be allowed to do is to merely speculate - without providing any notice to MPH and to the Court - the patent-in-suit is invalid for unspecified reasons in a pleading and then use that deficient pleading to expand the scope of the lawsuit unnecessarily.

For this and all of the foregoing reasons, Defendants' invalidity counterclaims should be dismissed.

## IV.   DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD BE STRICKEN FROM THE PLEADING FOR FAILING TO MEET THE REQUIREMENTS OF RULE 8

For the reasons set forth above, Defendants' affirmative defenses alleging patent invalidity should also be dismissed.  Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense." Fed.R.Civ.P. 12(f).  Specifically, affirmative defenses must be adequately pleaded under the requirements of Rules 8 and must withstand a Rule 12(b)(6) challenge. Surface Shields, Inc., 213 F.R.D. at 308.  As set forth above, Defendants' counterclaims for invalidity do not meet the requirements of Rule 8, and cannot withstand a Rule 12(b)(6)

challenge. Defendants' corresponding affirmative defenses, as shown below, provide no more detail than those counterclaims.

| **Netgear, Inc.** | Fourth Affirmative Defense: "The claims of the '926 patent are invalid or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, 112 , and/or 116." (Exhibit C, ¶4). |
|---|---|
| **Check Point Software Technologies, Inc.** | Second Affirmative Defense: "MPH's claims are barred in whole or in part because the claims of the '926 Patent are invalid under §§101, 102, 103, and/or 112." (Exhibit B, pg. 12). |
| **ZyXEL Communications, Inc.** | Second Affirmative Defense: "MPH's claims are barred in whole or in part because the claims of the '926 Patent are invalid under §§101, 102, 103, and/or 112." (Exhibit A, pg. 12). |

Thus, Defendants' affirmative defenses are simply labels and fail to provide fair notice of the factual grounds on which they rest and, therefore, should be stricken on those bases.

## V. CONCLUSION

WHEREFORE, MPH respectfully requests that the Court grant its motion to dismiss the Defendants' counterclaims of patent invalidity pursuant to Rule 12(b)(6) and grant its motion to strike the Defendants' affirmative defenses of invalidity pursuant to Rule 12(f).

Dated: June 9, 2010
/s/ Anna B. Folgers
Raymond P. Niro (rniro@nshn.com)
William L. Niro (wniro@nshn.com)
Christopher J. Lee (clee@nshn.com)
Brian E. Haan (bhaan@nshn.com)
Anna B. Folgers (afolgers@nshn.com)
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Plaintiff MPH Technologies Oy*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF MPH TECHNOLOGIES OY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses on June 9, 2010 by:

>Nina Y. Wang (NWang@faegre.com)
>Faegre & Benson, LLP
>3200 Wells Fargo Center
>1700 Lincoln Street
>Denver, CO  80203
>Telephone:  303-607-3500
>Facsimile:  303-607-3600
>
>Kenneth A. Liebman
>Faegre & Benson LLP
>2200 Wells Fargo Center
>90 South 7th Street
>Minneapolis, MN  55402
>Telephone:  612-766-8800
>
>Mary V. Sooter
>Faegre & Benson LLP
>1900 Fifteenth Street
>Boulder, CO  80302
>Telephone:  303-447-7700
>
>James T. Hultquist (jhultquist@reedsmith.com)
>Raven Moore (rmoore@reedsmith.com)
>Reed Smith LLP
>10 South Wacker Drive
>Chicago, IL  60606
>Telephone:  312-207-1000
>
>*Attorneys for NetGear, Inc.*
>
>James T. Hultquist (jhultquist@reedsmith.com)
>Raven Moore (rmoore@reedsmith.com)
>Reed Smith LLP
>10 South Wacker Drive
>Chicago, IL  60606
>Telephone:  312-207-1000
>
>*Attorneys for ZyXEL Communications, Inc*.

       James T. Hultquist (jhultquist@reedsmith.com)
       Raven Moore (rmoore@reedsmith.com)
       Reed Smith LLP
       10 South Wacker Drive
       Chicago, IL  60606
       Telephone:  312-207-1000

       ***Attorneys for Check Point Software Technologies, Inc***.


       */s/ Anna B. Folgers*