John P. Bovich (SBN 150688)
Email:  jbovich@reedsmith.com
Doyle B. Johnson (SBN 180348)
Email:  dbjohnson@reedsmith.com
James A. Daire (SBN 239637)
Email:  jdaire@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:      +1 415 543 8700
Facsimile:       +1 415 391 8269

Attorneys for Defendant
Zyxel Communications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY, ,<br><br>Plaintiff,<br><br>vs.<br><br>ZYXEL COMMUNICATIONS CORPORATION, ZYXEL COMMUNICATIONS, INC., NETGEAR, INC., CHECK POINT SOFTWARE TECHNOLOGIES, LTD., AND CHECK POINT SOFTWARE TECHNOLOGIES, INC.,<br><br>Defendants. | No.: 3:10-cv-03376-RS<br><br>**DEFENDANT ZYXEL COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFF MPH TECHNOLOGIES OY'S *EX PARTE* APPLICATION FOR ISSUANCE OF LETTERS ROGATORY** |

Defendant ZyXEL Communications, Inc. ("ZCI") files this response to Plaintiff MPH Technologies OY's ("Plaintiff") *Ex Parte* Application for Issuance of Letters Rogatory (the "Application") because Plaintiff has failed to comply with this Court's Local Rules relating to the filing of *ex parte* motions. In further support, ZCI states the following:

## BACKGROUND

1. On February 2, 2010, Plaintiff filed this patent lawsuit against ZCI, NETGEAR, Inc., Check Point Software Technologies Inc., (collectively "the Domestic Defendants") and two foreign entities – ZyXEL Communications Corporation and Check Point Software Technologies Ltd. ZyXEL Communications Corporation is a Taiwanese corporation and Check Point Software Technologies Ltd. is an Israeli company.

2. In or about February 2010, Plaintiff executed service on the Domestic Defendants.

3. Plaintiff has not yet executed service on the foreign entities. On various occasions, the parties have discussed possible conditions under which Plaintiff would dismiss its action against the foreign entities.

4. During those discussions, counsel for ZCI has explained to counsel for Plaintiff that service on ZyXEL Communications Corporation is unnecessary, given that all U.S. sales of the allegedly infringing ZyXEL products have been made by ZCI, already a participating defendant in this case. Moreover, in the event that ZyXEL Communications Corporation is dismissed from this case, ZCI has agreed to cooperate with plaintiff when seeking discovery from ZyXEL Communications Corporation. Plaintiff, however, has refused to enter into such an agreement.

5. On or about May 17, 2010, the Domestic Defendants moved to transfer this case to the Northern District of California.

6. On July 16, 2010, the Court granted the Domestic Defendants' motion to transfer, resulting in the transfer of this case to the Northern District of California on July 30, 2010.

7. On August 17, 2010, Plaintiff filed the Application requesting that the Court issue Letters Rogatory so that Plaintiff may serve compulsory process on one of the foreign entities, ZyXEL Communications Corporation.

8. ZCI first learned of Plaintiff's Application upon receipt of the ECF notice at 2:22 p.m. on August 17, 2010.

## ARGUMENT

9. Under Civil Local Rule 7-10, unless otherwise ordered by the Court, "a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis." The Rule further requires that the "motion….include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." *See* L.R. 7-10.

10. Notwithstanding these express mandates, Plaintiff filed its Application *ex parte* without a legal basis for doing so. Indeed, absent from Plaintiff's Application is citation to any statute, rule or order allowing it to use an *ex parte* motion to request the issuance of Letters Rogatory.[1]

11. Without such authority, Plaintiff had to either: (a) file a Motion for Administrative Relief under Civil Local Rule 7-11; or (b) seek shorten the time for the Court to hear the Application under Civil Local Rule 6-3.

12. Either one of these procedures would have required meeting and conferring with the Domestic Defendants before filing the Application. Under Civil Local Rule 7-11(a), any Motion for Administrative Relief must be accompanied by "a declaration that explains why a stipulation could not be obtained." Likewise, under Civil Local Rule 6-3(a)(2), any motion to shorten time must be accompanied by a declaration that "[d]escribes the efforts the party has made to obtain a stipulation to the time change."

13. Plaintiff submits no such declaration, however, because Plaintiff made no effort to satisfy its "meet and confer" obligations under the Civil Local Rules before filing the Application. Indeed, as noted above, ZCI did not learn of Plaintiff's Application until it was filed with the Court.

---

[1] While Plaintiff provides legal authority in support of its request for issuance of the letters rogatory, it provides no such authority for the "*ex parte*" Application it filed.

While counsel for the parties have previously discussed that ZyXEL Communications Corporation is an unnecessary party to the case, they have <u>never</u> discussed Plaintiff's "*ex parte*" Application as required by this Court's rules. [*See* Declaration of James A. Daire, Exh. A (Letter from James T. Hultquist, counsel for ZyXEL Communications, Inc. to Christopher Lee, counsel for Plaintiff).]

14. If Plaintiff had complied with the Court's meet and confer requirement, even if the parties had not reached agreement on the dismissal of ZyXEL Communications Corporation as a defendant in this case, the parties could have attempted to reach agreement on any Letters Rogatory to be issued by the Court. Instead, Plaintiff has submitted an unnecessary and needlessly inflammatory proposed Letters Rogatory which accuses the Domestic Defendants and their counsel of "refusing to accept service" on the foreign entities behalf, as if they had the right to waive such service on the foreign entities' behalves.

15. ZCI does not dispute this Court's authority to issue Letters Rogatory when properly requested that it do so. If Plaintiff is going to seek the issuance of Letters Rogatory, however, Plaintiff must comply with court rules in making such a request. Because Plaintiff failed to comply with Local Rules 7-10 and 6-3, its Application should be denied.[2]

DATED: August 23, 2010.

REED SMITH LLP

By    */s/ James A. Daire*
James A. Daire
Attorneys for Defendant
Zyxel Communications, Inc.

---

[2] To be clear, ZCI challenges only Plaintiff's failure to comply with this Court's Local Rules, not this Court's authority to issue the letters rogatory.