John P. Bovich (SBN 150688)
Email:  jbovich@reedsmith.com
Doyle B. Johnson (SBN 180348)
Email:  dbjohnson@reedsmith.com
James A. Daire (SBN 239637)
Email:  jdaire@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:     +1 415 543 8700
Facsimile:     +1 415 391 8269

Attorneys for Defendants
Zyxel Communications, Inc., Check Point Software Technologies, Inc., and NETGEAR, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>Plaintiff,<br><br>vs.<br><br>ZYXEL COMMUNICATIONS CORPORATION, ZYXEL COMMUNICATIONS, INC., NETGEAR, INC., CHECK POINT SOFTWARE TECHNOLOGIES, LTD., and CHECK POINT SOFTWARE TECHNOLOGIES, INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | No.: 3:10-cv-03376-RS<br><br>**DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF MPH TECHNOLOGIES OY'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendant Check Point Software Technologies, Inc. ("Check Point"), by its attorneys, hereby submits its First Amended Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff MPH Technologies OY's ("MPH") Complaint as follows:

## NATURE OF THE SUIT

1. Check Point admits that MPH's Complaint purports to arise under the patent laws of the United States and that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a). Except as expressly admitted, Check Point denies the remaining allegations in paragraph 1 of the Complaint.

## PARTIES

2. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies them.

3. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies them.

4. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies them.

5. Check Point admits that Check Point Software Technologies, Ltd. is an Israeli company with its principal place of business in Tel Aviv. Check Point further admits that Check Point is a subsidiary of Check Point Software Technologies, Ltd. and is a Delaware corporation located in Redwood City, California. Check Point objects to the collective reference to Check Point Software Technologies, Inc. and Check Point Software Technologies, Ltd. collectively as "Check Point" as they are separate companies, neither of which is liable to MPH. Check Point admits that it

provides network security, network management, and protection against all types of threats, reducing security complexity and lowering the total cost of ownership.  Check Point denies the remaining allegations in paragraph 5 of the Complaint.

6.   Check Point admits that it sells products and services throughout the United States.  Check Point further admits that its products and services have been offered for sale and sold within the Northern District of Illinois.  Check Point further admits that it maintains a sales office in Chicago.  Check Point further admits that one or more of the identified non-party entities are authorized resellers.  Check Point denies that its products and services infringe any valid claim of U.S. Patent No. 7,346,926 B2 ("the '926 Patent").  Check Point denies the remaining allegations in paragraph 6 of the Complaint.

7.   Check Point denies the allegations in paragraph 7 of the Complaint.

8.   Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies them.

9.   Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies them.

10.   Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies them.

11.   Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies them.

12.   Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint and, therefore, denies them.

13. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint and, therefore, denies them.

### **VENUE**

14. Check Point admits that venue is not improper in the Northern District of Illinois, but affirmatively states that, in transferring this matter to this judicial district, the Northern District of Illinois has determined that venue is also proper in the Northern District of California, and that the interests and convenience of the parties and witnesses are better served in this judicial district.

### **PATENT INFRINGEMENT**

15. Check Point denies the allegations in paragraph 15 of the Complaint.

16. Check Point denies the allegations in  paragraph 16 of the Complaint.

17. Check Point denies the allegations in paragraph 17 of the Complaint.

18. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and, therefore, denies them.

19. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies them.

20. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies them.

21. Check Point lacks knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 21 of the Complaint and, therefore, denies them.

22.     Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies them.

23.     Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies them.

24.     Check Point denies causing any damage to MPH and denies the remaining allegations of paragraph 24 of the Complaint as they relate to Check Point. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the other named Defendants and, therefore, denies them.

25.     Check Point denies causing any damage to MPH and denies the remaining allegations of paragraph 25 of the Complaint as they relate to Check Point. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the other named Defendants and, therefore, denies them.

## NOTICE, KNOWLEDGE, AND WILLFULNESS

26.     Check Point denies the allegations contained in paragraph 26 of the Complaint.

27.     Check Point denies that any alleged infringement of the '926 Patent by Check Point was willful and deliberate and denies the remaining allegations of paragraph 27 of the Complaint as they relate to Check Point. Check Point lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph regarding the other named Defendants and, therefore, denies them.

Case No. 3:10-cv-03376-RS  - 4 -  US_ACTIVE-104489658.1-JDAIRE 9/10/10 12:50 PM

DEFENDANT CHECK POINT TECHNOLOGIES, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## PRAYER FOR RELIEF

This paragraph sets forth the statement of relief requested by MPH to which no response is required. Check Point denies that MPH is entitled to any of the requested relief and denies any allegations contained therein.

## AFFIRMATIVE DEFENSES

Check Point alleges and asserts the following defenses in response to the allegations of MPH's Complaint, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense

1. Check Point has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '926 Patent, either directly or indirectly, either literally or under the doctrine of equivalents, and is not liable for infringement of the '929 Patent.

### Second Affirmative Defense

2. As set forth in detail below, MPH's claims are barred in whole or in part because any asserted claims of the '926 Patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense

3. MPH's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver and/or unclean hands.

### Fourth Affirmative Defense

4. MPH's claim for damages for the alleged infringement is barred, at least in part, for failure to comply with the requirements of 35 U.S.C. § 287.

**<u>Fifth Affirmative Defense</u>**

5. MPH's claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent application resulting in the '926 Patent.

///

///

///

///

///

///

///

///

///

///

///

# COUNTERCLAIMS

For its Counterclaims against MPH Technologies OY ("MPH"), Check Point Communications, Ltd. ("Check Point") states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Check Point is a California corporation with its principal place of business at 1130 North Miller Street, Anaheim, California.

2. Upon information and belief, MPH is a Finnish corporation with its principal place of business at Tekniikantie 14, 02150 Espoo, Finland.

3. These Counterclaims arise under the Patent Act, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

4. Venue is proper in this judicial district for these counterclaims under 28 U.S.C. §§ 1391 and 1400.

## CONTROVERSY

5. MPH has sued Check Point, among others, claiming to own all right, title and interest in U.S. Patent No. 7,346,926 B2 ("the '926 Patent") with standing to sue for the infringement of the '926 Patent, and alleging infringement of the '926 Patent by Check Point, among others.

6. Check Point is not liable for any infringement of a valid and enforceable claim of the '926 Patent.

7. MPH's allegations give rise to a case of actual controversy as to whether Check Point is liable for any infringement of a valid and enforceable claim of the '926 Patent, which is within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

## COUNT I
### Declaratory Judgment of Non-Infringement of the '926 Patent

8. Check Point repeats and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 7 of these Counterclaims.

9. MPH has alleged in its Complaint that Check Point has infringed one or more claims of the '926 Patent.

10. Check Point has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '926 Patent, either directly or indirectly, either literally or under the doctrine of equivalents, and is not liable for infringement of the '926 Patent.

11. Check Point seeks, and is entitled to, a declaration from this Court that it has not infringed and does not infringe any valid and enforceable claim of the '926 Patent under 35 U.S.C. § 271.

## COUNT II
### Declaratory Judgment of Invalidity of the '926 Patent

12. Check Point repeats and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 11 of these Counterclaims.

13. Zy, Inc's Invalidity Counterclaim depends in part on the asserted claims of the '926

Patent. In its Complaint, however, MPH declined to identify any asserted claims and instead alleged that Check Point "infringes one or more of the claims of the '926 patent." Check Point reserves all rights to seek leave to amend this pleading as pursuant to Federal Rule of Civil Procedure 15 and this Court's Civil Local Rules and to further specify its grounds for invalidity as part of its Patent Local Rule Invalidity Contentions.

14.     Each asserted claim of the '926 Patent is invalid for failing to comply with the requirements for patentability set forth in 35 U.S.C. §§ 102 and 103. The prior art in the field, including *inter alia* the following references, anticipates each asserted claim and/or renders the asserted claims obvious:

| Priority Date | Title | Authors |
|---|---|---|
| 2001 | Mobility management techniques for the next generation wireless networks | Sun J. Et al. |
| 2001 | Secure Mobile IP Communication- Thesis work | Marc Danzeisen M., Braun T. |
| 2001 | Secure Mobile IP Communication | Marc Danzeisen M., Braun T. |
| June 2001 | Reliable Sockets | Victor C. Zandy Barton P. Miller |
| August 2000 | TeleMIP: Telecommunications-Enhanced Mobile IP Architecture for Fast Intradomain Mobility | Das S., Misra A., Agrawal P, Telcordia Technologies Das S.K, University of Texas at Arlington |
| 2000 | NOVEL AND ENHANCED MOBILE INTERNET PROTOCOL | C. N. Yap, M. Kraner, N. A. Fikouras, S.R. Cvetkovic |
| August 2000 | Design, Implementation, and Evaluation of Cellular IP | Campbell A. Et al. |

| August 1996 | Internet Mobility 4x4 | Stuart Cheshire, Mary Baker |
|---|---|---|
| 1999 | RAT: A Quick (And Dirty?) Push for Mobility Support | Rhandeev Singh, Y. C. Tay, W. T. Teo, S. W. Yeow |
| 2000 | Application-Centric Analysis of IP-based Mobility Management Techniques | Das S., Misra A., Agrawal P, Telcordia Technologies |

15.  In addition and alternatively, each asserted claim of the '926 Patent is also invalid for failing to comply with the requirements for patentability set forth in 35 U.S.C. § 112. Among other things, the specification of the '926 patent fails to adequately disclose how any asserted method claim of the '926 patent is performed. For example, the purported "Detailed Description" of the claimed invention of the '926 patent (Col. 7:30-8:17) fails to disclose any computer code or flow charts sufficient to enable a person of skill in the art to perform the claimed invention. Accordingly, the specification lacks sufficient enablement, written description, and a description of the best mode pursuant to 35 U.S.C. § 112.

16.  Check Point seeks, and is entitled to, a declaration from this Court that each claim of the '926 Patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Check Point Software Technologies, Inc. respectfully requests an entry of judgment in its favor as follows:

1.  Dismissing MPH's Complaint in its entirety with prejudice and denying all relief requested therein;

2.  Declaring that Check Point does not infringe and has not infringed the '926 Patent;

3. Declaring that Check Point does not induce and has not induced infringement of the '926 Patent;

4. Declaring that Check Point does not contribute and has not contributed to the infringement of the '926 Patent;

5. Declaring the claims of the '926 Patent invalid;

6. Permanently enjoining MPH, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, from alleging or charging that the '926 Patent has been infringed by Check Point under any section of 35 U.S.C. § 271;

7. Awarding Check Point its costs, expenses and reasonable attorneys' fees under 35 U.S.C. § 285; and

8. Granting Check Point such other and further relief as this Court may deem just and proper in the circumstances.

DATED: September 10, 2010.

REED SMITH LLP

By   */s/ James A. Daire*
James A. Daire
Attorneys for Defendants
Zyxel Communications, Inc., Check Point Software Technologies, Inc., and NETGEAR, Inc.

**DEMAND FOR JURY TRIAL**

Check Point Software Technologies, Inc. hereby demands a trial by jury on all issues so triable.

DATED:  September 10, 2010.

                                            REED SMITH LLP

                                            By  */s/ James A. Daire*
                                                 James A. Daire
                                                 Attorneys for Defendants
                                                 Zyxel Communications, Inc., Check Point Software Technologies, Inc., and NETGEAR, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 3:10-cv-03376-RS — - 12 - — US_ACTIVE-104489658.1-JDAIRE 9/10/10 12:50 PM
DEFENDANT CHECK POINT TECHNOLOGIES, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS