MARTIN L. FINEMAN (CA Bar No. 104413)
DAVIS WRIGHT TREMAIN LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6575
Facsimile:   (415) 276-6599
martinfineman@dwt.com

RAYMOND P. NIRO (*pro hac vice*)
CHRISTOPHER J. LEE (*pro hac vice*)
BRIAN E. HAAN (*pro hac vice*)
ANNA B. FOLGERS (*pro hac vice*)
NIRO, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, IL  60602
Telephone:  (312) 236-0733
Facsimile:  (312) 236-3137
rniro@nshn.com
clee@nshn.com
bhaan@nshn.com
afolgers@nshn.com

Counsel for Plaintiff MPH Technologies OY

John P. Bovich (SBN 150688)
Email:  jbovich@reedsmith.com
Doyle B. Johnson (SBN 180348)
Email:  dbjohnson@reedsmith.com
Adaline J. Hilgard (SBN 173213)
Email:  ahilgard@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:     +1 415 543 8700
Facsimile:      +1 415 391 8269

Attorneys for Defendants Check Point Software Technologies, Inc., Check Point Software Technologies, Ltd. and NETGEAR, Inc.

Kenneth A. Liebman (SBN 090438)
Email: kliebman@faegre.com
Nina Y. Wang  (SBN 213011)
Email: nwang@faegre.com
Mary V. Sooter  (*pro hac vice*)
Email:  msooter@faegre.com
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone:  (303) 607-3500
Facsimile:  (303) 607-3600

Attorneys for Defendant NETGEAR, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>Plaintiff,<br><br>v.<br><br>ZYXEL COMMUNICATIONS CORPORATION, ZYXEL COMMUNICATIONS, INC., NETGEAR, INC., CHECK POINT SOFTWARE TECHNOLOGIES, LTD. AND CHECK POINT SOFTWARE TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 3:10 cv 03376 RS (JCS)<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PLR 4-3**<br><br>Judge:  Honorable Richard Seeborg |

In accordance with the Court's Case Management Scheduling Order (Dkt. No. 120) and pursuant to Patent Local Rule 4-3, Plaintiff MPH Technologies Oy ("MPH"), and Defendants Check Point Software Technologies, Ltd. and Check Point Software Technologies, Inc. (collectively "the Check Point Defendants") and Defendant NETGEAR, Inc. ("NETGEAR") (collectively "the Parties") hereby provide to the Court: (a) the construction of the claim terms on which the Parties agree; (b) each party's construction of each disputed term and exemplary supporting evidence for the terms to be construed by the Court; (c) an identification of the 10 terms that the Parties believe are most significant to the resolution of this case, as well as an identification of terms among the 10 identified whose construction will be case or claim dispositive; (d) the anticipated length of time necessary for the Claim Construction Hearing; and (e) whether the Parties propose to call one or more witness at the Claim Construction hearing.

The claim constructions as set forth in sections (a)-(c) below, apply consistently to Claim 1 and all claims that depend from Claim 1.

Where Defendants have identified a term as "dispositive," the identifying Defendant(s) do not concede that if MPH's construction prevails, the identifying Defendant(s)' products include this limitation. As set forth in the chart, MPH contends that the fifth identified term may be case dispositive based on MPH's current understanding of Defendants' interrogatory responses regarding alleged infringement and the Invalidity Contentions served to date. The Parties reserve the right to identify further terms as case or claim dispositive as fact and expert discovery progresses, and they further reserve their right to amend or revise their proposed constructions as may be appropriate during the continuing claim construction process.

Attached hereto as Exhibits 1-3 are the parties' Identification of Evidence in Support of Claim Constructions.  [*See* Exhibit 1 (MPH's Constructions and Supporting Evidence), 2 (the Check Point Defendants' Constructions and Supporting Evidence) and 3 (NETGEAR's Constructions and Supporting Evidence).]

**(a) Agreed-To Terms**

| Terms | Agreed to Construction |
|---|---|
| terminal; first terminal; second terminal | Terminal: An end point of the secure communication link<br>First Terminal: A mobile end point of the secure communication link<br>Second Terminal: Another end point of the secure communication link |
| responding | sending a message in response to the request message |

**(b) Disputed Terms and Constructions and (c) Identification of the 10 Terms that the Parties Believe Are Most Significant to Resolution of This Case, and Identification of Terms that will be Case or Claim Dispositive**

| # | Terms | MPH's Proposed Construction | The Check Point Defendants' Proposed Construction | NETGEAR's Proposed Construction | Identification of Dispositive Term |
|---|---|---|---|---|---|
| 1 | establishing a first secure communication link | forming a secure connection | forming a secure connection by negotiating the security services the terminals will use during their secure communications | forming a secure connection by negotiating the security services the terminals will use during their secure communications | |
| 2 | encapsulation; encapsulation method; first encapsulation method | Encapsulation: adding header information to a message<br><br>MPH does not believe a separate | Encapsulation: adding header information to a message for the purpose of overcoming network address translations and/or other translations<br><br>Encapsulation method: a | Encapsulation: adding header information to a message for the purpose of overcoming network address translations and/or other translations<br><br>Encapsulation method: a | Defendants contend that this term is case dispositive for NETGEAR and the Check Point Defendants.  MPH contends that this term is not case dispositive. |

| # | Terms | MPH's Proposed Construction | The Check Point Defendants' Proposed Construction | NETGEAR's Proposed Construction | Identification of Dispositive Term |
|---|---|---|---|---|---|
| | | construction for "encapsulation method" or "first encapsulation method" is necessary beyond its construction of "encapsulation." | way in which header information is added to a message for the purpose of overcoming network address translations and/or other translations<br><br>First encapsulation method: The "encapsulation method" used by the first terminal to send messages over the first secure communication link prior to the first terminal moving to a new network address | way in which header information is added to a message for the purpose of overcoming network address translations and/or other translations<br><br>First encapsulation method: The "encapsulation method" used by the first terminal to send messages over the first secure communication link prior to the first terminal moving to a new network address | |
| 3 | request message | plain and ordinary meaning | A specialized message sent after the first terminal moves and before user data packets are sent, generated for the specific purpose of [chang[ing] communication between the first terminal and the second terminal from the first secure communication link to a second secure communication link.]<br>(bracketed portion to be construed as a separate phrase) | NETGEAR concurs with the Check Point Defendants' construction | The Check Point Defendants contend that this term is case dispositive for the Check Point Defendants. MPH contends that this term is not case dispositive. |
| 4 | to change communication between the first | to request a change in the address of the | to modify the first secure connection to account for the new network address of | to modify the first secure connection to account for the new network address of | Defendants contend that this term is case dispositive for NETGEAR |

| # | Terms | MPH's Proposed Construction | The Check Point Defendants' Proposed Construction | NETGEAR's Proposed Construction | Identification of Dispositive Term |
|---|---|---|---|---|---|
|  | terminal and the second terminal from the first secure communication link to a second secure communication link | secure connection | the first terminal without re-negotiating the security services used by the secure connection | the first terminal without re-negotiating the security services used by the secure connection | and the Check Point Defendants.  MPH contends that this term is not case dispositive. |
| 5 | containing a description of the first encapsulation method performed by the first terminal | including information in the request message of how the messages were encapsulated by the first terminal prior to moving to the new address | including information in the preencapsulated payload of the request message of how the messages were encapsulated by the first terminal prior to moving to the new address | including information in the preencapsulated payload of the request message of how the messages were encapsulated by the first terminal prior to moving to the new address | Defendants contend that this term is case dispositive for NETGEAR and the Check Point Defendants.  MPH contends that this term may be case dispositive. |
| 6 | using the description of the first encapsulation method to detect translations of the encapsulated request message | examining the request to determine any translations and/or encapsulations | analyzing the information of how the messages were encapsulated by the first terminal prior to moving to the new address to identify the network address translations and/or other translations | analyzing the information of how the messages were encapsulated by the first terminal prior to moving to the new address to identify the network address translations and/or other translations | Defendants contend that this term is case dispositive for NETGEAR and the Check Point Defendants.  MPH contends that this term is not case dispositive. |
| 7 | reply message | plain and ordinary meaning | A specialized message sent in response to the request message and before user data packets are sent, generated for the specific purpose of informing the first terminal of detected translations and providing | NETGEAR concurs with the Check Point Defendants' construction | Defendants contend that this term is case dispositive for NETGEAR and the Check Point Defendants.  MPH contends that this term is not case dispositive. |

| # | Terms | MPH's Proposed Construction | The Check Point Defendants' Proposed Construction | NETGEAR's Proposed Construction | Identification of Dispositive Term |
|---|---|---|---|---|---|
| | | | information of encapsulation methods supported by the second terminal. | | |
| 8 | having a description about detected translations | including information about NAT translations, protocol translations, or other translations detected by the other terminal, and parameters related to such translations | including in the payload of the reply message information identifying translations | NETGEAR concurs with the Check Point Defendants' construction | Defendants contend that this term is case dispositive for NETGEAR and the Check Point Defendants. MPH contends that this term is not case dispositive. |
| 9 | [having a description about] encapsulation methods supported by the second terminal | including an indication of which encapsulation method(s) and parameters should be used for communication through the new communication link | including in the payload of the reply message information about encapsulation methods supported by the second terminal | NETGEAR concurs with the Check Point Defendants' construction | The Check Point Defendants contend that this term is case dispositive for the Check Point Defendants. MPH contends that this term is not case dispositive. |
| 10 | description of the reply message | description about detected translations | information contained in the payload of the reply message about translations | information contained in the payload of the reply message about translations | Defendants contend that this term is case dispositive for NETGEAR |

| # | Terms | MPH's Proposed Construction | The Check Point Defendants' Proposed Construction | NETGEAR's Proposed Construction | Identification of Dispositive Term |
|---|-------|----------------------------|--------------------------------------------------|---------------------------------|-----------------------------------|
| | | and/or encapsulation methods supported by the second terminal | made by intermediate computers and encapsulation methods supported by the second terminal | made by intermediate computers and encapsulation methods supported by the second terminal | and the Check Point Defendants. MPH contends that this term is not case dispositive. |

**(d) Anticipated Length of Claim Construction Hearing**

At this time, the Parties anticipate that the claim construction hearing should last no longer than one day, which should be divided equally among the three parties.

**(e) Potential Witnesses**

At this time, the Parties do not believe that it will be necessary to call witnesses to testify at the Claim Construction Hearing.

Respectfully submitted,

| | |
|---|---|
| /s/ Brian E. Haan | /s/ Mary V. Sooter (*with permission*) |
| RAYMOND P. NIRO (*pro hac vice*) | Nina Y. Wang (NWang@faegre.com) |
| WILLIAM L. NIRO (*pro hac vice*) | Faegre & Benson, LLP |
| CHRISTOPHER J. LEE (*pro hac vice*) | 3200 Wells Fargo Center |
| BRIAN E. HAAN (*pro hac vice*) | 1700 Lincoln Street |
| ANNA B. FOLGERS (*pro hac vice*) | Denver, CO  80203 |
| NIRO, HALLER & NIRO | Telephone:  303-607-3500 |
| 181 W. Madison St., Suite 4600 | Facsimile:  303-607-3600 |
| Chicago, Illinois  60602 | |
| Phone: (312) 236-0733 | Kenneth A. Liebman |
| Facsimile: (312) 236-3137 | (KLiebman@faegre.com) |
| E-mail: rniro@nshn.com | Faegre & Benson LLP |
| E-mail: wniro@nshn.com | 2200 Wells Fargo Center |
| E-mail: clee@nshn.com | 90 South 7th Street |
| E-mail: bhaan@nshn.com | Minneapolis, MN  55402 |
| E-mail: afolgers@nshn.com | Telephone:  612-766-8800 |

MARTIN L. FINEMAN (CA Bar No. 104413)
DAVIS WRIGHT TREMAIN LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6575
Facsimile:   (415) 276-6599
E-mail: martinfineman@dwt.com

***Attorneys for MPH TECHNOLOGIES OY***

Mary V. Sooter (MSooter@faegre.com)
Faegre & Benson LLP
1900 Ninth Street
Suite 200
Boulder, CO  80302
Telephone:  303-447-7700

***Attorneys for NetGear, Inc.***

/s/  Adaline J. Hilgard (*with permission*)
John P. Bovich (jbovich@reedsmith.com)
Doyle B. Johnson (dbjohnson@reedsmith.com)
Adaline J. Hilgard (ahilgard@reedsmith.com)
Reed Smith, LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: 415-543-8700
Fax: 415-391-8269

James T. Hultquist (jhultquist@reedsmith.com)
Raven Moore (rmoore@reedsmith.com)
Reed Smith LLP
10 South Wacker Drive
Chicago, IL  60606
Telephone:  312-207-1000

***Attorneys for Check Point Software Technologies, Inc., Check Point Software Technologies, Ltd. and NETGEAR, Inc.***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2011 the foregoing:

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PLR 4-3**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| Nina Y. Wang (NWang@faegre.com)<br>Faegre & Benson, LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO  80203<br>Telephone:  303-607-3500<br>Facsimile:  303-607-3600 | John Bovich (jbovich@reedmsith.com)<br>Adaline J. Hilgard (ahilgard@reedsmith.com)<br>Reed Smith, LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA  94105-3659<br>Telephone:  415-543-8700<br>Fax:  415-391-8269 |
| Kenneth A. Liebman<br>(KLiebman@faegre.com)<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, MN  55402<br>Telephone:  612-766-8800 | James T. Hultquist (jhultquist@reedsmith.com)<br>Raven Moore (rmoore@reedsmith.com)<br>Reed Smith LLP<br>10 South Wacker Drive<br>Chicago, IL  60606<br>Telephone:  312-207-1000<br><br>***Attorneys for Check Point Software Technologies, Inc.***<br>*and Check Point Software Technologies, Ltd.* |
| Mary V. Sooter (MSooter@faegre.com)<br>Faegre & Benson LLP<br>1900 Ninth Street, Suite 200<br>Boulder, CO  80302<br>Telephone:  303-447-7700 | |

***Attorneys for Netgear, Inc.***

 /s/ Brian E. Haan
Attorneys for MPH Technologies OY
NIRO, HALLER & NIRO

9